**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| LILLIAN SHERMAN | : | |
| | : | Civil Action No. |
| Plaintiff, | : | 09-cv-970 (NLH)(KMW) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| BALLY'S HOTEL & CASINO, | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES**:

Harry J. Kane, Jr., Esquire
Saffren & Weinberg
815 Greenwood Avenue
Suite 22
Jenkintown, PA 19046-2800
*Attorney for Plaintiff Lillian Sherman*

Lawrence M. Kelly, Esquire
Mintzer, Sarowitz, Zeris, Ledva & Meyers
2070 Springdale Road
Suite 400
Cherry Hill, NJ 08003
*Attorney for Defendant Bally's Park Place, Inc.*

**HILLMAN, District Judge**

Plaintiff, Lillian Sherman, alleged that she suffered injuries as a result of the negligence of defendant, Bally's Park Place, Inc. ("Bally's"),[1] in caring for, maintaining, and supervising an assembly area for bus passengers in its facilities.  Since instituting this suit, Sherman has passed away.  Subsequently, Bally's has moved for summary judgment in this matter.

---

[1] According to defendant, Bally's was incorrectly designated in the suit as "Bally's Hotel & Casino."  Bally's also does business as "Bally's Atlantic City."

For the reasons expressed below, Bally's Motion for Summary Judgment is granted.

## I.    JURISDICTION

This Court exercises subject matter jurisdiction over the underlying claim pursuant to 28 U.S.C. § 1332.  There is complete diversity between plaintiff and defendant in the underlying action. Plaintiff, Sherman, was a citizen of the Commonwealth of Pennsylvania.  Defendant, Bally's, is incorporated in the State of New Jersey with its principal place of business in Atlantic City, New Jersey.  In its Notice of Removal, Bally's persuasively represents that the amount in controversy may exceed $75,000.[2]

---

[2] In Sherman's complaint, she demands judgment "in an amount in excess of $50,000.00 together with interest and costs of suit and any other relief this Court deems just and proper."  Although Sherman does not explicitly allege damages in excess of $75,000 -- the threshold amount in controversy to confer diversity jurisdiction, see 28 U.S.C. § 1332(a) -- she also does not limit or cap the amount she seeks to recover.  On the contrary, Sherman requests an award "in excess of $50,000.00."  (Emphasis added).
    Where the amount in controversy has not been explicitly limited in the complaint, "the challenger to subject matter jurisdiction ha[s] to prove, to a legal certainty, that the amount in controversy could not exceed the statutory threshold." Frederico v. Home Depot, 507 F.3d 188, 195 (3d Cir. 2007); see Lorah v. Suntrust Mortg., Inc., 2009 U.S. Dist. LEXIS 12318, at *14 (E.D. Pa. Feb. 18, 2009) (finding plaintiffs' complaint "do[es] not specifically and precisely state that the amount sought . . . is below the jurisdictional threshold" and is thus "equivocal," imposing burden upon plaintiffs to show that amount in controversy could not exceed jurisdictional threshold); cf. Morgan v. Gay, 471 F.3d 469 (3d Cir. 2006) (holding that defendant carries burden to demonstrate amount in controversy where plaintiff expressly limited the amount to less than the jurisdictional threshold).
    According to her complaint, Sherman seeks to recover for

serious  injuries  including,  but  not  limited

2

Plaintiff does not dispute that assertion.

## II.   BACKGROUND

Sherman alleges that, on or around November 12, 2006, she and other patrons of Bally's facilities were exposed to noxious bus

_____

> to, fractured ankle requiring internal
> fixation, damage to the nerves and nervous
> system, as well as various other ills and
> injuries, any and/or all of which may be
> permanent and all of which have caused great
> pain and suffering, have prevented [her] from
> attending to [her] usual duties and occupation
> and have caused [her] to incur bills and
> expenses for her medical care and treatment,
> have caused a loss of earnings and earning
> capacity, any and all of which may continue
> for an indefinite period of time into the
> future.

Such claims for potentially permanent injuries and pain and suffering may often give rise to damages in excess of $75,000. See, e.g., Bunch v. Wal-Mart, 2009 U.S. Dist. LEXIS 34019, at *7 (N.D. Ind. Apr. 20, 2009) (finding that plaintiff's "allegations of permanent injury, medical expenses, pain and suffering, and future medical expenses and pain and suffering make it facially apparent that the amount in controversy exceeds $75,000" in personal injury case); Avant v. J.C. Penney, 2007 U.S. Dist. LEXIS 44320, at **6 & n.3 (D.N.J. Jun. 19, 2007) (stating that "this Court generally will not remand a personal injury claim in the absence of a waiver by Plaintiff capping damages at $75,000" and adding that "[t]he District of New Jersey has found that allegations of serious injuries in addition to pain and suffering indicate that the amount in controversy exceeds $75,000").

Significantly, Sherman has not challenged Bally's removal or attempted to make any argument suggesting that diversity jurisdiction does not exist in this case.  Therefore, based on Sherman's averments and the lack of objection to diversity jurisdiction, Bally's representations in its Notice of Removal, and the Eastern District Court's exercise of authority in this case, the Court cannot find to a legal certainty that the amount in controversy, which is not directly in dispute, would not exceed $75,000.  Accordingly, the Court is convinced that it may reach the merits of Bally's uncontested Motion for Summary Judgment.

fumes in an assembly area for bus passengers.  As a result of the fumes, Sherman avers that she fainted and suffered severe injuries, including a fractured ankle and damage to her nerves and nervous system.  According to Sherman, the assembly area was owned, managed, operated, controlled, and/or supervised by Bally's.

In November 2008, Sherman filed a suit in the Court of Common Pleas in Philadelphia County, Pennsylvania.  In the complaint, Sherman alleges that the noxious bus fumes and her injuries were caused by Bally's negligence in caring for, maintaining, or supervising its premises or otherwise protecting or warning its visitors.  Later that same month, Bally's removed Sherman's suit from state court to the Eastern District Court of Pennsylvania.  On or around February 2, 2009, the Eastern District Court, based on a lack of personal jurisdiction and improper venue, granted Bally's Motion to Dismiss and transferred Sherman's case to this Court.

On October 16, 2009, plaintiff's counsel informed Bally's counsel, via letter, that Sherman was recently deceased. Approximately a month later, Bally's moved for summary judgment.

Presently before this Court is Bally's Motion for Summary Judgment.

**III.  DISCUSSION**

Bally's argues that plaintiff has not proffered, and cannot proffer, any depositions, affidavits, or other evidence to demonstrate that a genuine issue of material fact exists in this case.  In particular, Bally's iterates that Sherman is now deceased

4

and, prior to her death, never provided any admissible statements or testimony in support of her allegations.  Further, plaintiff has not furnished any liability expert testimony, which Bally's believes is necessary to prove its alleged negligence.   Absent any proofs, Bally's concludes that plaintiff simply cannot sustain her case.  Plaintiff's counsel has not responded to or otherwise opposed Bally's Motion for Summary Judgment.

Summary judgment is appropriate where the Court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit.  Id. In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the nonmoving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor."  Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating

5

the absence of a genuine issue of material fact.  Celotex Corp.,
477 U.S. at 323.  Once the moving party has met this burden, the
nonmoving party must identify, by affidavits or otherwise, specific
facts showing that there is a genuine issue for trial.  Id.  Thus,
to withstand a proper motion for summary judgment, the nonmoving
party must identify specific facts and affirmative evidence that
contradict those offered by the moving party.  Anderson, 477 U.S.
at 256-57.  A party opposing summary judgment must do more than
just rest upon mere allegations, general denials, or vague
statements.  Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir.
2001).

     To satisfy its initial burden that plaintiff cannot prove a
prima facie cause of action for negligence, Bally's points to
plaintiff's complete lack of evidence.  "Although the initial
burden is on the summary judgment movant to show the absence of a
genuine issue of material fact, 'the burden on the moving party may
be discharged by 'showing' -- that is, pointing out to the district
court -- that there is an absence of evidence to support the
nonmoving party's case' when the nonmoving party bears the ultimate
burden of proof."  Singletary v. Pa. Dept. of Corr., 266 F.3d 186,
192 n.2 (3d Cir. 2001) (citing Celotex, 477 U.S. at 325); see
Celotex, 477 U.S. at 323 (stating that "we find no express or
implied requirement in Rule 56 that the moving party support its
motion with affidavits or other similar materials negating the
opponent's claim").  In this case, Bally's has satisfied that

6

burden.

Beyond plaintiff's complaint and her general averments, there is nothing before the Court to prove the validity or essential elements of Sherman's claims.  Plaintiff has presented no evidence of any kind to show that a genuine issue of material fact exists or that she can carry her burden of proof at trial.[3]  See Shivery v. Adam Stiefel Funeral Home, 2006 N.J. Super. Unpub. LEXIS 1315, at *7 (N.J. App. Div. May 10, 2006) (granting motion for summary judgment against plaintiff where plaintiff's evidence could not bear burden of proof in negligence/premises liability action). Without more, plaintiff's complaint cannot save her case from summary judgment.  See Trap Rock Indus., Inc. v. Local 825, Int'l Union of Operating Eng'rs, 982 F.2d 884, 890 (3d Cir. 1992) ("A non-moving party may not rest upon mere allegations, general denials or . . . vague statements." (citation and internal quotation marks omitted)); Schoch v. First Fidelity Bancorp., 912 F.2d 654, 657 (3d Cir. 1990) (stating that, for nonmoving plaintiff bearing the burden of proof, "unsupported allegations . . . and pleadings are insufficient to repel summary judgment"); see also Lue-Martin v. The March Group, 2008 U.S. Dist. LEXIS 57588, at *34

---

[3] Pursuant to a Scheduling Order entered by the Magistrate Judge on May 12, 2009, all pretrial factual discovery in this case was to be completed by November 30, 2009, and any expert reports or disclosures in support of plaintiff's case were to be completed by December 31, 2009.  Thus, plaintiff appears to have had sufficient time to conduct discovery prior to Bally's Motion for Summary Judgment and this Opinion.

(D.V.I. Jul. 30, 2008) (concluding that "plaintiff cannot rely on her unverified amended complaint as evidence to withstand a motion for summary judgment"); Rade v. Transition Software Corp., 1998 U.S. Dist. LEXIS 17279, at *7 (E.D. Pa. Nov. 2, 1998) (dismissing plaintiff's claim because plaintiff "offers no deposition testimony, affidavits, or other properly considered evidence of this claim" and cannot rely exclusively on his complaint).

Upon Bally's highlighting the absence of evidence or a genuine issue of material fact in this case, plaintiff's counsel has not responded or otherwise opposed Bally's Motion for Summary Judgment, further convincing the Court that a potentially meritorious claim cannot be established here.

Tragic as Sherman's death is, Bally's fairly surmises that without some memorialization of her testimony or recollection, plaintiff's case appears thwarted and unable to proceed. Therefore, for the reasons expressed above, the Court grants Bally's Motion for Summary Judgment.

## IV.   CONCLUSION

For the foregoing reasons, Bally's Motion for Summary Judgment is granted.  An Order consistent with this Opinion shall be entered.


DATED:   April 13, 2010            /s/ NOEL L. HILLMAN
At Camden, New Jersey        NOEL L. HILLMAN, U.S.D.J.


8